The motion to remand must be denied.

## Case No. 9,002a.

### MAN v. CHEESEMAN.

[Bank Mag. (3d Series) 556, Jan., 1875.]

District Court, S. D. New York. Nov. 23, 1874.

NATIONAL BANKS — TRANSFER OF STOCK — PURCHASE BY BANK—RIGHTS AND LIABILITIES OF STOCKHOLDERS.

[1. A national bank cannot purchase its own stock.]

[2. To relieve a holder of national bank stock from the obligations imposed by the statute, a transfer by him must be made on the books of the bank to some person capable of succeeding to his obligations; the ordinary method of signing the power of attorney thereon is insufficient.]

[3. Stockholders of an insolvent national bank are bound by the action of the comptroller of the currency in making an assessment against them, and have no right to examine the accounts of the receiver as to the assets or debts of the bank.]

[This was an action by Albon P. Man, receiver of the Eighth National Bank, against G. H. Cheeseman to recover the amount of an assessment made by the comptroller of the currency, from the defendant as a stockholder therein.]

The case against Dr. Cheeseman was a peculiar one. He became an original subscriber in 1865 for 50 shares of stock in the Eighth National Bank. In May, 1867, at a time when the bank was in excellent credit, having a considerable surplus, and when its stock stood at par in the market, he determined to part with his 50 shares. He accidentally mentioned his purpose to the cashier of the bank, and that officer volunteered to dispose of them for him. Shortly after he informed Dr. Cheeseman that he had found a purchaser, and directed him to transfer the certificates by signing the ordinary power of attorney on them in blank. Dr. Cheeseman did so, and gave the certificates to the cashier, who credited his account with the par value of the stock. The cashier was the proper transfer officer of the bank, and Dr. Cheeseman followed his directions as to the manner of transfer. He heard no more of the matter until December, 1871, after the failure of the bank, when he was informed, by the receiver, that his name stood upon the shareholders' list, and that he was liable for his proportionate share of the bank's indebtedness. This suit was brought to enforce that liability. Upon the trial it was shown that this stock was actually purchased by the bank. The shares remained in possession of the bank, which collected all subsequent dividends upon them, and after its failure the shares were turned over to the receiver with the other assets.

BLATCHFORD, District Judge, held, that Dr. Cheeseman was liable for the assessment of 54 per cent. ordered by the comptroller, although he had parted with the shares four years before, on the ground that in order to escape liability a shareholder must see that his stock is transferred upon the books of the bank to some person capable of succeeding to his obligations, and that the bank was not such a person, being prohibited by law from purchasing its own stock. It follows from this that the ordinary method of transfer by signing the blank power of attorney will not protect the shareholder, and that in all cases of sales of such bank stock he remains liable until the transfer is made on the bank's books to his successor.

The measure of liability is also very severe. Two points were made by Dr. Cheeseman's counsel, as follows: First, that the liability was only for the deficiency, and could not be enforced until all the assets of the bank had been converted and applied by the receiver to the payment of the debts; and, second, that the shareholders liable for the deficiency are entitled to notice, and to some opportunity of ascertaining what the deficiency may be which they are called upon to make up. Both these points were overruled, the court holding that the shareholder was absolutely bound by the action of the comptroller in making the assessment, and that when such assessment had once been made the shareholder could interpose no defense against it. Thus shareholders are cut off from any examination of the accounts of the receiver or of the debts allowed against the bank.