## Case No. 743.
### BAILEY v. ROSS.

[Nowhere reported; opinion not now accessible.]

## Case No. 744.
### BAILEY v. SAWYER.

[4 Dill. 463;[1] Syllabi, 151; 9 Chi. Leg. News, 191; 1 Thomp. Nat. Bank Cas. 356; 2 Browne, Nat. Bank Cas. 154; 11 Bankers' Mag. (3d Ser.) 798; 15 Alb. Law J. 235; 23 Int. Rev. Rec. 79.]

Circuit Court, D. Minnesota. Feb., 1877.

BANKS AND BANKING—NATIONAL BANKS—LIABILITY OF STOCKHOLDERS — ASSESSMENT BY THE COMPTROLLER—REMEDY.

1. In winding up an insolvent national bank the comptroller of the currency is vested with authority to determine when a deficiency of assets exists, so that the individual liability of the stockholders may be enforced, and no appeal lies from his decision.

[Cited in Young v. Wempe, 46 Fed. 355.]

2. The liability of a stockholder of a national bank is several. When a specific assessment upon the stockholders is ordered by the comptroller, a suit at law is a proper remedy to enforce it.

[Cited in Young v. Wempe, 46 Fed. 355.]

At law. This is a common law action brought [by C. P. Bailey, receiver, against Andrew J. Sawyer] to enforce the individual liability of a stockholder in the First National Bank of Duluth, and to recover the amount of an assessment ordered by the comptroller of the currency, to the extent of seventy-five per centum of the par value of the shares of the capital stock of said bank, under and by virtue of the act of congress in relation to national banks. A demurrer is interposed to the complaint. [Overruled.]

Upon the argument it is urged:

1. That the complaint should set forth the facts and data upon which the comptroller determined that a necessity existed which authorized proceedings to enforce the individual liability of stockholders.

2. That the suit should have been in equity, and not at law.

Mr. W. W. Billson, for demurrer.
Messrs. Ensign and Cash, contra.

NELSON, District Judge. The comptroller of the currency, by virtue of the national banking law, in winding up an insolvent bank, is vested with authority to determine when a deficiency of assets exists, so that the individual liability of the stockholders may be enforced. This liability is conditional, and was so held in Bank v. Kennedy, 17 Wall. [84 U. S.] 22, but the comptroller, in the exercise of a judicial discretion, decides, upon the data before him, when "it is necessary" to compel contributions from stockholders to pay the debts of the bank. The law clothes him with this authority, and

no appeal lies from his decision by a stockholder. He appoints a receiver, and resorts to the ultimate remedy whenever, in his judgment, the condition of the bank requires its enforcement. And, as stated in Kennedy v. Gibson, 8 Wall. [75 U. S.] 504, a more speedy settlement of the affairs of an insolvent bank is thus obtained. Again, this obligation of the stockholder is fixed when he becomes a member of the corporation by taking stock therein, and is several, not joint. There is no necessity for invoking the aid of a court of chancery to determine the sum each stockholder must pay, for that is regulated by the number of shares of stock owned. When the comptroller declares and orders an assessment, the precise amount each stockholder must contribute is a certain exact sum. A suit at law would seem to be the suitable proceeding to collect the assessment.

Demurrer overruled.