## BUSHNELL *v.* LELAND.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 497. Argued December 14, 15, 1896. — Decided January 4, 1897.

It has been repeatedly settled, by this court that the Comptroller of the Currency has power to appoint a receiver to a defaulting or insolvent national bank, and to call for a ratable assessment upon the stockholders of such bank, without a previous judicial ascertainment of the necessity for such action; and the contention that there is presented in this case a constitutional question not considered in the prior cases is an assumption with no foundation in fact.

THE case is stated in the opinion.

*Mr. John J. Crawford* for plaintiff in errror.

*Mr. Frederick W. Holden* and *Mr. Edward Winslow Paige* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error being a stockholder in the State National Bank of Wichita, Kansas, was sued to enforce payment of the double liability imposed by law. The pleadings aver the existence of the legal prerequisites to the stockholder's liability, viz., the subscription by defendant to the stock, the due organization of and the authority conferred on the bank to engage in business, the suspension, the valid appointment of a receiver, and a ratable assessment made by the Comptroller on the stockholders in conformity to law. Revised Statutes, §§ 5151, 5234.

At the trial objection was taken and reserved to the offering in evidence of the assessment made by the Comptroller of the Currency, and upon the close of the testimony, the ground of this objection was reiterated by way of exception to the refusal of the court to give the following instruction:

"Counsel for the defendant then moved the court to in-

struct the jury to return a verdict for the defendant, upon the ground that there is no evidence in the case to show that the action is brought for the purpose of enforcing any claim or lien of the United States; that, so far as appears from the evidence, the individual liability of the defendant as a stockholder of the State National Bank of Wichita is sought to be enforced merely for the purpose of paying the claims of private parties; that there is no evidence in this case to show that such parties are creditors of the State National Bank of Wichita, and there is no evidence to show that the fact that these parties are creditors of the State National Bank of Wichita has ever been established by any decision or order of a court of competent jurisdiction; that, so far as appears, the only decision on this point is that of the Comptroller of the Currency, and that his decision is of no force, for the reason that it is an attempt of an executive officer to exercise judicial functions."

A verdict was returned in favor of the plaintiff, and to the judgment thereon this writ of error is prosecuted.

The assignments of error are based solely on the grounds covered by the exception taken to the introduction of testimony, the refusal to charge, as above stated, and to an asserted want of jurisdiction in the court below. All these alleged errors may be reduced to the single contention that under the national banking law the Comptroller of the Currency is without power to appoint a receiver to a defaulting or insolvent national bank, or to call for a ratable assessment upon the stockholders of such bank, without a previous judicial ascertainment of the necessity for the appointment of the receiver and of the existence of the liabilities of the bank, and that the lodgment of authority in the Comptroller, empowering him either to appoint a receiver or to make a ratable call upon the stockholders, is tantamount to vesting that officer with judicial power in violation of the Constitution. All of these contentions have been long since settled, and are not open to further discussion. *Kennedy* v. *Gibson*, 8 Wall. 498; *Casey* v. *Galli*, 94 U. S. 673; *United States* v. *Knox*, 102 U. S. 422. When, after the adjudication in *Kennedy* v. *Gib-*

*son,* the questions were for a second time pressed in argument, the court contented itself with calling attention to the fact that they had been affirmatively adjudicated upon and were concluded. We see no reason now to reopen controversies which were then treated as concluded and have since been approved and in all respects fully affirmed. The contention that there is now presented in argument a grave constitutional question, which was not pressed or considered in the prior cases, is a mere assumption which has no foundation in fact. A casual inspection of the points pressed by counsel in *Casey* v. *Galli* makes evident the fact that the very arguments now advanced were then urged upon the court and held to be untenable.

*Judgment affirmed.*