TOWNSEND, District Judge.
Motion to expunge defense and strike out whole of amended answer. This is an action at law brought by the receiver of the Puget Sound National Bank to enforce the individual liability of one of its stockholders, in accordance with the provisions of sections 5151 and 5234 of the Revised Statutes of the United States. The defense that the controller of the currency had no jurisdiction to appoint such receiver was raised in this court, and was disposed of by the writer, and said decision was affirmed by the supreme court in Bushnell v. Leland, 164 U. S. 684, 17 Sup. Ct. 209. The motion to expunge said defense is granted.
The defendant has filed an amendment to the answer, alleging that since the commencement of this action the controller of the currency *544 has paid to all creditors of said bank, other than stockholders, the amount of their claims in full;- that the expenses of the receivership and redemption of the circulating notes of sgid bank have been fully provided for by the deposit of money with the treasurer of the United States; that under the provisions of the act of congress of June 30, 1876, as amended by the act of August 3, 1892, a majority of the stockholders duly elected an agent of said bank; that the.plaintiff herein duly transferred and delivered to him “all the assets of said association then remaining in the hands of the receiver, or subject to the order of the receiver or of the controller of the currency”; that all the provisions of said acts have been fully complied with; that said agent is now proceeding to wind up and distribute the assets of said association; that said receiver has been discharged; that said bank is no longer insolvent or in the hands of a receiver; and that its debts have been paid. The amended answer further avers that certain persons have bought up a large amount of the claims against said bank, have advanced moneys to take it out of the receiver’s hands, and have issued a statement of its assets and liabilities, showing that it has nearly $100,000 of good assets with which to pay debts of some $18,000; that the acts aforesaid were done without defendant’s knowledge or consent, except by notice of said meeting, and that said agent “is now seeking to enforce the demand in this action for no other purpose than to compel this defendant to contribute towards the payment of said claim or amount of $18,331.14 said to be due to creditors, although said agent has in his hands ample assets to pay the same. Defendant further says that said A. S. Taylor, agent, instead of distributing the assets of said association among the stock: holders who have been assessed, as required by said act of August 3, 1892, is still endeavoring to enforce stockholder liability against this defendant in the present suit, long after the outstanding claims against said association have been paid by the controller of the currency, and after the receiver has been discharged.” The plaintiff moves to strike out the whole of said amendment, on the ground that it does not present any defense to said action. The first question of law thus raised is .whether the receiver has transferred to this agent defendant’s liability as a shareholder to pay the debts of said bank. The statute provides that such shareholders shall be individually responsible for all debts of such association, to the extent of the amount of their stock therein, and that the receiver “may if necessary to pay the debts of such association” enforce such individual liability. Rev. St. §§ 5151, 5234. The act of 1892 provides for the election by the shareholders of an agent to wind up the affairs of the association after the “controller of the currency shall have paid to each and every creditor of such association, not including the shareholders, who are creditors of such association whose claim or claims as such creditor shall have been proved or allowed as therejn prescribed the full amount of such claim,” etc., and that if such agent shall be elected, and a bond shall be duly filed, “the controller and the receiver shall thereupon transfer and deliver to such agent all the undivided or uncollected or other assets of such association then remaining in the hands or subject to the order and control of said controller and said *545 receiver,” and. that such agent shall hold and dispose of such assets, and may sue and do all other lawful acts necessary to finally settle and distribute the assets and property in his hands. 27 Stat. 345. The plaintiff contends that the language of said statute is sufficiently broad to cover this cause of action for an uncollected asset of the association. It is clear that such agent can have no greater powers than those which were conferred upon the controller and receiver. The receiver has the right to enforce the liability of the stockholder only when and “if necessary to pay the debts of such association.” Kennedy v. Gibson, 8 Wall. 504. “The same statute of 1876 provides when the stockholders may choose an agent to take charge of the business of a bank in liquidation; that is, after the receiver has had charge of it long enough to pay all its debts, and after its debts have all been paid, then the stockholders can select an agent to take charge of what remains of the assets.” Bank v. Eckels, 57 Fed. 870. It is unnecessary, in the determination of this motion, to consider defendant’s further claim that such a liability is not an asset of the corporation, and that the obligations now sought to be paid have been created since the failure of said association, and that, therefore, the individual liability of the shareholders cannot be enforced for their payment. The amendment to the answer alleges that all the debts of said association have been paid. The motion to strike it out is denied.