## PREY v. MILLETT.

Circuit Court of Appeals, Eighth Circuit. November 12, 1927.

No. 7740.

1. **Banks and banking** ⟲250(5)—**Acts of Comptroller of the Currency in declaring national bank insolvent, appointing receiver, and making assessment on bank stock, and acts of receiver, must be presumed valid.**

As Comptroller of the Currency and receiver for national bank appointed by him are officers acting by authority of law, it must, in the absence of contrary showing, be presumed that acts of Comptroller in declaring the bank to be insolvent, appointing receiver therefor, and making assessment on the shares of bank's stock and demanding payment thereof, and acts of the receiver, were regular, valid, and binding on shareholder.

2. **Banks and banking** ⟲250(4)—**Petition by receiver of national bank to recover assessment against bank stock held sufficient as against demurrer.**

Petition alleging that defendant was the owner of 30 shares of stock of a national bank, that Comptroller of the Currency declared bank to be insolvent and placed plaintiff in control thereof as receiver, as by law provided, and that Comptroller made a lawful assessment on the shares of bank stock, including stock of defendants, as shown by the books of the bank, which defendant, after due notice, refused to pay, *held* to state a cause of action against defendant as against demurrer.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by Daniel A. Millett, as receiver of the Drovers' National Bank of Denver, against A. G. Prey. Judgment for plaintiff, and defendant brings error. Affirmed.

Leslie E. Greene, of Denver, Colo. (Harold W. Perry, of Denver, Colo., on the brief), for plaintiff in error.

Horace Phelps, of Denver, Colo., for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

POLLOCK, District Judge. This is an action at law, brought by defendant in error (hereinafter called "plaintiff"), as receiver of a national banking institution, to recover an assessment made on the capital stock of said bank to pay the debts of said institution. Defendant was the owner of record of 30 shares of the capital stock of this bank. To the petition of the receiver to enforce this assessment a demurrer was interposed by defendant, which was overruled, and, defendant refusing to plead further, but electing to stand on his demurrer, a judg-

ment for the amount of the assessment laid on the stock was entered against him, and he brings error to this court.

[1, 2] A reading of the petition discloses not only that defendant was the owner of record of 30 shares of the capital stock of the institution, but that it was declared by the Comptroller of the Currency insolvent, and by him placed in the hands of the plaintiff as receiver, as by law provided. Further, that the Comptroller in the manner and as by law provided did make the assessment upon the shares of the stock of the bank, including defendant's, as shown by the books of the bank, of which assessment the defendant was duly and timely notified, and demand for payment was made, and payment refused; hence this action. As the Comptroller and receiver are officers acting by authority of law, it must, in the absence of contrary showing, of which there is none, be presumed their acts as charged in the petition are regular, valid, and binding on defendant as a shareholder in said banking institution. Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; National Bank v. Case, 99 U. S. 628, 25 L. Ed. 448; Lewis v. Switz (C. C.) 74 F. 381; Ohio Valley National Bank v. Hulitt, 204 U. S. 162, 27 S. Ct. 179, 51 L. Ed. 423. To our minds, all of the essential elements requisite to create a valid liability on the part of defendant as a shareholder of the bank to pay the assessment on his shares is well pleaded. See Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598.

The action of the trial court was right, and must be affirmed.