## COLLINS v. CALDWELL, and three other cases.

Circuit Court of Appeals, Fifth Circuit. December 3, 1928.

No. 5439.

J. Hart Willis and W. J. Rutledge, Jr., both of Dallas, Tex., for appellants.

M. B. Harrell, of Greenville, Tex. (Clark, Harrell & Starnes, of Greenville, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. At the close of business on December 23, 1927, the First National Bank of Greenville was insolvent. Pursuant to an agreement with the Greenville National Exchange Bank, all of its liabilities, except as to stockholders, were assumed, and all its assets were taken over, by that bank. In order to induce the transfer, it was agreed to pay the Greenville National $150,000 in cash. The cash was advanced by W. H. Bush and L. N. Bird, respectively president and vice president of the First National, and notes of the bank were issued to them for that amount. The First National did not thereafter open for business.

On January 11, 1928, the Comptroller of the Currency appointed appellee as receiver for the First National. On January 25, 1928, on an accounting by the receiver and a valuation of the uncollected assets of the bank, he levied an assessment of $150,000 on the stockholders, up to the par value of the outstanding shares. Thereafter, in April, 1928, the receiver brought suits against J. L. Collins, Oscar Smith, Mrs. John L. Lovejoy, and Mrs. Molly Mitchell, appellants herein, to collect said assessments, alleging the first three to be the owners of 20, 70, and 100 shares, respectively, of the capital stock, of the par value of $100, and that Mrs. Mitchell had been the owner of 22 shares, but had transferred them to S. P. Brooks on November 5, 1927, within 60 days of the failure of the bank, to meet its obligations on December 24, 1927, and that at the time of suit Brooks was a bankrupt. All the defendants denied liability, and set up that the only claims against the bank filed with the receiver were evidenced by the notes for $150,000, executed in connection with the transfer of the assets of the Greenville National, and alleging the invalidity of those notes on various grounds.

By pleadings termed cross-bills the defendants sought to implead the Comptroller, and raised practically the same questions as to the necessity for the assessment, and sought to have it set aside. The cases were consolidated for trial and the jury waived. Judgment was entered in favor of appellee in each case. Though separate appeals were taken, the cases have been brought up on one record, and were argued and submitted together in this court.

Error is assigned to the sustaining of an exception to the jurisdiction by the Comptroller, to the entering of judgment, and to the refusal of the court to set aside the assessment.

█ It is unnecessary to go into the merits of the transaction whereby the bank became obligated for $150,000 on the notes given in connection with the transfer of its assets. There is no doubt as to the legality of the appointment of the receiver and the levying of the assessment. The levying of an assessment by the Comptroller against stockholders of an insolvent national bank is a judicial determination by him of the necessity of that assessment, and it is conclusive and cannot be collaterally attacked. Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598.

Collins and Smith appear as shareholders on the books of the bank, and no question is raised as to the ownership of the stock. Therefore what has been said disposes of those two cases.

█ The contention is made as to Mrs. Lovejoy and Mrs. Mitchell that they do not appear on the books of the bank as owners of the stock. The 100 shares of which Mrs. Lovejoy is alleged to be the owner stand in the name of her deceased husband. While there is no proof as to the manner of her acquisition, her ownership is not seriously disputed, and there appears in the record a letter from her to the Comptroller, in which she states herself to be the owner. There is nothing to offset this, and it is conclusive. The proof is conclusive that Mrs. Mitchell became the owner of the stock alleged to be hers under the last will of her deceased husband.

In these two cases reliance is had on the decision in Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864. That was not a suit arising under section 5151, R. S. (12 USCA § 63), which fixes the liability of these two appellants, and it is not in point. In Pauly v. State L. & T. Co., 165 U. S. 606, 17 S. Ct. 465, 41 L. Ed. 844, the Supreme Court, reviewing the authorities on various phases of the question, held that the real owner of the shares of the capital stock of a national banking association may in every case be treated as a shareholder, within the meaning of section 5151, for the purpose of assessment. That decision has been repeatedly affirmed. See Ohio Valley Nat. Bank v. Hulitt, 204 U. S. 162, 27 S. Ct. 179, 51 L. Ed. 423.

█ No question is raised as to the nonliability of Mrs. Mitchell because of her transfer to Brooks, but we may say in passing that,

she having been the owner, and having made the transfer within 60 days of the failure of the bank, her liability is also fixed by statute. Paragraph 64, tit. 12, U. S. C. (12 USCA § 64). Her liability is primary, and the receiver was not required to exhaust his remedy against the transferees. See Karraker v. Ernest (D. C.) 4 F.(2d) 404.

The court was correct in sustaining the objection of the Comptroller to the jurisdiction. The suit was not brought by a national bank to enjoin any action of the Comptroller. Therefore it was essential that service be made upon him in the district.

The record presents no reversible error. Affirmed.