**CHASE v. HALL, and three other cases.**

Circuit Court of Appeals, Ninth Circuit. January 14, 1929.

Rehearing Denied February 18, 1929.

No. 5559.

196

Cosgrave & Barstow, of Fresno, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). ██ Error is assigned to the rejection of the proof offered by the appellants on the trial to show that the First National Bank was not insolvent, that the assessment rested alone upon the judgment for $200,000 obtained against the bank on its promissory note above referred to, which note was executed by the directors without authority and after the bank was in the hands of the National Bank Examiner, and the appellants' argument is that the stockholders' liability is purely a creature of statute and binds the stockholders to pay only those debts which are incurred in the ordinary course of business of the bank with the consent of the stockholders, and those which are incurred within the implied powers of liquidation. To that contention it is to be said, first, that it is well settled that the assessment of the Comptroller is conclusive in a suit against stockholders, and that the $200,000 note was but a means adopted to secure to the depositors of the First National Bank the payment of their deposits, and that the persons who organized the second bank and guaranteed the payment of said deposits did so upon the understanding that their bank should have the $200,000 to protect itself against the depositors, whose claims amounted to $1,045,000. The appellants cite Liberty Nat. Bank v. McIntosh (C. C. A.) 16 F.(2d) 906. In that case it was recognized that decisions of the Comptroller relative to liquidation of national banks are not subject to collateral attack, and that his assessments against shareholders and the amount thereof are not open to review in the absence of fraud, and the opinion recites the powers of the Comptroller. But the appellants say that nowhere in the recital of those powers is it indicated that the comptroller has authority to determine without a hearing the liability of any particular person to pay the assessment or the liability of any shareholder to pay any portion of it, and they deny the existence of that authority. The decisions of the Supreme Court, however, are all to the contrary, and they affirm the authority of the Comptroller in ordering an assessment as a judicial determination of the necessity therefor and the amount assessable against each shareholder, from which there is no appeal and which is conclusive upon the shareholders and is not

Everts, Ewing, Weld & Everts, A. W. Carlson, C. M. Ozias, L. L. Cory, and W. H. Stammer, all of Fresno, Cal., for appellants.

subject to collateral attack, and that only the liability of the shareholder to pay the same is left to the determination of the trial court, where the shareholder may defend by showing, for instance, that he is not a holder of the amount of stock charged, or is otherwise relieved from liability thereon. Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 51 L. Ed. 598; Easton v. Iowa, 188 U. S. 220, 238, 23 S. Ct. 288 (47 L. Ed. 452); Rankin v. Barton, 199 U. S. 228, 26 S. Ct. 29, 50 L. Ed. 163; Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740.

The appellants contend that they are not liable for the assessment for the reason that the debt in the instant case was not incurred in the ordinary course of business or in the ordinary course of liquidation. We cannot agree that the execution of the note was out of the ordinary course of liquidation. It has been held that when a national bank assumes the debts of an insolvent bank in consideration of a transfer of a portion of its assets and a note for the balance, the note represents the contracts, debts, and engagements of the insolvent bank for which its stockholders are responsible. Wyman v. Wallace, 201 U. S. 230, 26 S. Ct. 495, 50 L. Ed. 738; Hulse v. Argetsinger (D. C.) 12 F.(2d) 933.

The appellants cite Schrader v. Manufacturers' National Bank, 133 U. S. 67, 10 S. Ct. 238, 33 L. Ed. 564, and Moss v. Whitzel (C. C.) 108 F. 580. In the first of those cases the suit was not a collateral attack upon an assessment made by the Comptroller, for the Comptroller had made no assessment. It was a suit brought by a creditor against the bank and its stockholders to enforce their statutory liability for its debts. The court held that after the bank went into liquidation its officers had no authority to transact any business in the name of the bank so as to bind its shareholders, except that which is implied in the duty of liquidation, unless such authority had been expressly conferred by the shareholders. In that case the bank was liable to another bank as guarantor. After it had gone into liquidation, it was released from that guaranty, but nevertheless it agreed to continue the same, and on the renewed guaranty judgment was obtained against it. The court held that the judgment was not binding on the stockholders in the sense that it could not be re-examined, and that the stockholders were permitted to show that the debt belonged to an except-

ed class. We find nothing in the decision which tends to show that the debt in the case at bar belongs to an excepted class or was out of the ordinary course of liquidation. The $200,000 note represented the obligation of the liquidating bank to its depositors. It was not a creation of a new liability and it added nothing to the existing obligation of the shareholders. In Moss v. Whitzel it was held that, after a national bank had gone into liquidation, its officers had no power to create the liability there assailed so as to make it binding on the shareholders. In the case there considered, the debt, the validity of which was denied, was incurred after the bank had gone into liquidation, and it was alleged that it was obtained by fraud and collusion and that the judgment thereon was obtained without any basis of liability on the part of the bank. Those facts are sufficient to distinguish the case from the case at bar. The court in that case cited as authority Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168. But that decision runs counter to the appellants' contention in the present case. The court there held that when a national bank is insolvent the Comptroller's order, declaring to what extent the individual liability of the stockholders shall be enforced, is conclusive, and in answer to the defendant's plea that he was bound to contribute ratably only, and that the proper amount could be ascertained only by a suit in equity, the court cited Kennedy v. Gibson, supra, as conclusive against that defense, and to the contention that the solvent shareholders might, by the order of the Comptroller, be required to pay the debts of the bank without contribution from the insolvent shareholders, the court said that it was a sufficient answer thereto that the Comptroller had ordered that each stockholder should pay the receiver the par of his stock. "This order," said the court, "cannot be controverted in a suit against the stockholder. It is conclusive upon him and makes it his duty to pay." In the case in hand we are not called upon to consider the question whether or not a shareholder may interpose such a defense as that the debt, for the payment of which he is called upon to contribute, is void for the reason that it was fraudulently incurred by the collusion of the officers of the two banks and was without any basis of liability, for such a defense is not pleaded here. The defense relied upon is that the debt was not incurred in the course of liquidation, a defense which, as we have found, is not sustainable.

The judgment is affirmed.