**CRAWFORD v. GAMBLE.**

No. 5971.

Circuit Court of Appeals, Sixth Circuit.

March 18, 1932.

B. P. Wootton, of Frankfort, Ky., and W. E. Faulkner, of Hazard, Ky. (Faulkner & Faulkner and Wootton, Helm & Wooton, all of Hazard, Ky., on the brief), for appellant.

W. W. Reeves, of Hazard, Ky., for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appellee, as receiver of the First National Bank of Hazard, Ky., hereafter called the Old Bank, brought this action to recover an assessment of 100 per cent. upon the shares of stock owned by appellant. The bill averred that the bank was organized under the National Banking Act (12 USCA); that it had been declared insolvent by the Comptroller of the Currency on March 18, 1930; that appellee was the receiver by virtue of appointment by the Comptroller; that the assessment was necessary in order to pay the debts of the bank, and that, although it had been demanded of appellant, he had failed to pay it. The bill set up a copy of the assessment as Exhibit A.

In his answer and counterclaim appellant admitted that the assessment had been made, but denied that the bank was either insolvent or that it was necessary to enforce the assessment. He averred that on October 18, 1928, certain directors and shareholders of the Old Bank, together with certain other persons, organized the First National Bank in Hazard, hereafter called the New Bank; that its organization was in furtherance of a scheme to transfer the assets of the Old Bank to the New Bank without the knowledge or consent of appellant and other stockholders in the Old Bank, and not only thus to deprive appellant and other stockholders of the value of their stock, but to subject them to liability for assessments thereon; that following up this scheme the officers and directors of the Old Bank, by written contract, sold and transferred to the New Bank the banking house and all other physical properties for $50,000, together with certain other assets called "the acceptable assets"; that to secure the New Bank against loss on account of the acceptable assets the Old Bank executed to the New Bank its note for $100,000; that it was agreed that the New Bank should convert these assets

into cash, and if the proceeds should not, in the aggregate, equal the amount of the note, the Old Bank would pay the balance, but that "the unacceptable assets" should be held in trust by a committee and when converted into cash should be credited upon the note, and that the note should be further secured by the statutory liability of the stockholders of the Old Bank for assessments. Appellant avers that the contract and note were neither authorized nor ratified by the stockholders of the Old Bank, and that both were invalid obligations.

Appellant averred, in the alternative, that, if the note were a valid obligation of the Old Bank, yet the Old Bank had sold its physical properties for $50,000 when they were worth $125,000 and had transferred its good will worth $50,000 for no consideration whatever, and that the New Bank should be required to account to appellee for the true value of said properties and good will and that upon such accounting the note would be satisfied and all reason for an assessment would disappear. Appellant seeks to have the New Bank made a defendant for the purpose of having the contract and note declared void, or, in the alternative, for an accounting.

Appellee moved to strike the answer upon the ground that it failed to set forth facts sufficient to constitute a defense. The court sustained this motion. Thereupon appellant tendered "an amended and substituted answer." The distinguishing features of this amended answer are the averments that the New Bank took assets of the Old Bank amounting approximately to $1,350,000 for which it assumed the payment of the deposits and debts of the Old Bank in an amount not exceeding $948,466.76; that it did not set up these assets upon its books at more than $950,000, and that to induce the Comptroller to assess the stockholders of the Old Bank the two banks through their officers and agents fraudulently concealed the real condition of the Old Bank; that a voluntary liquidation of the Old Bank was never authorized by its stockholders, nor had either the Old or New Bank requested an examination by a National Bank Examiner of the assets of the Old Bank to determine their value or the value of the $100,000 note; that the transfer of the assets from the Old to the New Bank was for the fraudulent purpose of depriving appellant and other stockholders of the control of the Old Bank and of establishing a new bank to be controlled by other interests. Appellant repeats in the amended answer that the $100,-000 note, to pay which the assessment was made, was executed without authority and as part of the scheme to defraud appellant, but avers that, if it should be held valid, no assessment should have been made to pay it because the New Bank had already received much more than its value out of the collateral pledged to secure it, which fact had also been fraudulently concealed from the comptroller.

Appellee resisted the filing of the amended answer chiefly upon the ground that it set up no new facts constituting a defense. Thereupon the parties by stipulation submitted the record to the court for its opinion and for judgment. The court concluded that the amended answer set forth no additional facts which would cause a different ruling from that made upon the motion to strike the original answer and counterclaim, and therefore declined to permit it to be filed and entered judgment against appellant.

Appellant admitted in his original and amended answer that the Old Bank had been organized under the National Banking Act; that it had been declared insolvent by the Comptroller; that appellee was receiver; that appellant was a stockholder; and that the assessment was made. Having made such concessions he was concluded. He could not make an issue of whether the Old Bank was insolvent, because that question had been settled finally by the Comptroller. U. S. C. tit. 12, § 191 (12 USCA § 191). The amount of the assessment and the necessity therefor had also been conclusively determined by the Comptroller (Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; National Bank v. Case, 99 U. S. 628, 634, 25 L. Ed. 448; Casey v. Galli, 94 U. S. 673, 677, 24 L. Ed. 168; Young v. Wempe, 46 F. 354 (C. C.); Strong v. Southworth, 23 Fed. Cas. 254, No. 13545; Man v. Cheeseman, 16 Fed. Cas. 568, No. 9002a (D. C.); Bailey v. Sawyer, 2 Fed. Cas. 382, No. 744 (D. C.), and therefore the matter of accounting was far afield. An examination of the above-cited cases leaves it clear that appellant was not entitled to a judicial ascertainment of whether the $100,000 note was a valid obligation to satisfy which an assessment might be made, for this would be the equivalent of a purely collateral attack upon the assessment already made by the Comptroller. See Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Chase v. Hall, 30 F.(2d) 195, 196 (C. C. A. 9); Collins v. Caldwell, 29 F.(2d) 329, 330 (C. C. A. 5).

Further, we think that appellant could not defend upon the theory that the officers and agents of the banks had been guilty of

fraudulent and unlawful practices either against appellant and his fellow stockholders as averred in the original answer and counterclaim or as against the Comptroller as charged in the amended answer. The fundamental reason is that, when appellant subscribed for his stock, the law wrote into the contract that the Comptroller should decide upon the necessity for and the amount of assessments, and that when they were so determined he would respond in payment as the law provides (U. S. C. tit. 12, § 63 [12 USCA § 63]) and he should not be permitted to nullify his obligation upon collateral considerations. Bailey v. Tillinghast, 99 F. 801, 808 (C. C. A. 6); Deweese v. Smith, 106 F. 438, 442, 66 L. R. A. 971 (C. C. A. 8); Bailey v. Sawyer, supra. He must pay promptly when called upon, and, if it should eventuate that the assessment or any portion thereof is not needed, it will be returned. Any other attitude would destroy public confidence and lessen the security which the creditor and depositor has a right to expect.

If it should be true as alleged that the note was executed to secure the New Bank against loss on account of assets received from the Old Bank, but that such assets actually equal in value the amount at which they were turned over, and that therefore no necessity exists for an assessment to pay the note, then upon these facts being brought home to the proper authorities appellant may doubtless be granted appropriate relief.

In this case there is no averment of fraudulent conduct upon the part of the Comptroller.

Concurring in the opinion of the District Judge that appellant presented no triable issue appropriate either to his defense or in support of his counterclaim, the decree is affirmed.