**WILSON v. AWALT, Acting Comptroller of the Currency, et al.**

**No. 1027.**

District Court, M. D. Pennsylvania.
Feb. 4, 1933.

James J. Powell, M. J. Martin, and Paul G. Collins, all of Scranton, Pa., for plaintiff.

Harry Needle, of Scranton, Pa., for F. G. Awalt and Paul J. Hoskinson.

WATSON, District Judge.

James P. Wilson, a resident of the borough of Dickson City, Pa., brought this suit in this court against F. G. Awalt, Acting Comptroller of the Currency, and Paul J. Hoskinson, receiver of the Liberty National Bank of Dickson City, seeking an injunction to prevent them from collecting money on account of assessment upon shareholders of the Liberty National Bank of Dickson City, for an accounting by the Acting Comptroller and the receiver, with details as to the assets and liabilities of said bank, the shortages and defalcations of any person and the stock holdings in said bank, and for a decree directing the Acting Comptroller and the receiver to assist the officers and stockholders of said bank in establishing its solvency and credit and banking functions in its established place of business.

In the bill and supporting affidavits, it is alleged in part that the Liberty National Bank of Dickson City was incorporated under the National Banking Act (12 USCA § 21 et seq.); that it began business February 16, 1924, with a paid-in capital of $100,000 and surplus of $10,000; that it continued in business in the borough of Dickson City to October 14, 1932; that, during all of said time, James P. Wilson, the plaintiff, was the president and a large stockholder of said bank; that F. G. Awalt was, prior to October 4, 1932, and is at the present time, Acting Comptroller of the Currency of the United States; that on October 4, 1932, the said F. G. Awalt and the said Paul J. Hoskinson took possession and control of said bank and suspended the banking operations; that on October 6, 1932, the said F. G. Awalt, Acting Comptroller of the Currency, appointed the said Paul J. Hoskinson receiver of said

bank; that the plaintiff and other officers and stockholders of said bank have repeatedly asked the defendants for information concerning the financial condition and the status of said bank, which the defendants have refused to give; that the Acting Comptroller of the Currency on December 15, 1932, made an assessment and requisition upon the shareholders of said bank for $100,000; that on December 15, 1932, the said receiver notified in writing the shareholders of said bank of the action by the Acting Comptroller of the Currency and requested payment of the assessment. From the record in this court, at No. 1020 in equity, it appears that the Comptroller was, on October 6, 1932, satisfied that the Liberty National Bank of Dickson City, located in the borough of Dickson City, Pa., was insolvent and unable to pay its just and legal debts. It appears from an affidavit by Harry Needle, an attorney at law of Scranton, Pa., that F. G. Awalt, Acting Comptroller of the Currency, resides in Washington, in the District of Columbia; that his place of business or office where he performs his duties as Comptroller of the Currency is located in Washington, in the District of Columbia, and that he never resided within the Middle District of Pennsylvania, or within the state of Pennsylvania, and that he is not a citizen of Pennsylvania.

On January 23, 1933, this court granted a rule upon the defendants to show cause why they should not be required to answer the bill of complaint, which rule was made returnable January 30, 1933, and, at the same time, directed that the service of the bill of complaint and of the process of subpœna issued thereon, and the rule to show cause, be made by delivering a certified copy of same to F. G. Awalt personally, if found within the district, and, if not so found, to the United States Attorney for the Middle District of Pennsylvania, and by mailing such copy by registered mail to F. G. Awalt, addressed to the office of the Comptroller of the Currency, Washington, D. C.

F. G. Awalt, Acting Comptroller of the Currency, has entered his appearance specially and moved for an order setting aside the alleged service of the subpœna and complaint upon him, and dismissing the suit as to him for want of jurisdiction of this court. Paul J. Hoskinson, receiver of the Liberty National Bank of Dickson City, has appeared and moved the court to dismiss the bill of complaint.

These motions and the rule to show cause have been argued by counsel, and are now before the court for disposition.

I shall first consider the motion by F. G. Awalt. Awalt is not an inhabitant of the Middle District of Pennsylvania. Judicial Code, § 51, amended, 28 USCA § 112, provides, inter alia, as follows: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." "The act of congress * * * exempts a defendant from suit in any district of which he is not an inhabitant, or in which he is not found at the time of the service of the writ. It is an exemption which he may waive, but unless waived, he need not answer, and will not be bound by anything which may be done against him in his absence." Butterworth v. Hill and others, 114 U. S. 129, 5 S. Ct. 796, 29 L. Ed. 119. In Collins v. Caldwell, 29 F.(2d) 329, 331, Circuit Court of Appeals, Fifth Circuit, the court, in referring to the action of the court below, in sustaining the objection of the Comptroller to the jurisdiction, said: "The court was correct in sustaining the objection of the Comptroller to the jurisdiction. The suit was not brought by a national bank to enjoin any action of the Comptroller. Therefore it was essential that service be made upon him in the district."

Generally, a District Court cannot acquire jurisdiction over an individual without service of process upon him while in the district for which it is held, and this is true unless there is contrary statutory direction. The plaintiff contends that this court acquired jurisdiction over the Comptroller, this being the district in which the Liberty National Bank of Dickson City is located; and, in support of this contention, cites First National Bank of Canton, Pennsylvania v. Williams, Comptroller of the Currency, 252 U. S. 504, 40 S. Ct. 372, 64 L. Ed. 690. The Williams Case may be distinguished from the present case. The present case is brought by Wilson, an individual. In the Williams Case the suit was brought by the First National Bank of Canton, a solvent operating bank. The bill alleged that, in order to injure complainant's president, toward whom the Comptroller entertained personal ill will, the Comptroller determined to destroy its business, and to that end he had maliciously persecuted and oppressed it for three years in many ways, as stated in the bill. Section 49, Judicial Code, 28 USCA § 110, reads as follows: "All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associa-

tions, shall be had in the district where such association is located." What was decided in the Williams Case was that: "A suit by a national bank to restrain the Comptroller of the Currency from alleged unlawful and malicious practices, wherein plaintiff's right turns on construction and application of the National Banking Law, is a suit to enjoin him under that law, within the intendment of Jud. Code §§ 24, 49 [28 USCA §§ 41, 110], must be brought in the district where the bank is established and may be maintained upon service made elsewhere—in this case in the District of Columbia." The present suit was not brought by a national bank to enjoin any action of the Comptroller, as was done in the Williams Case, but was brought by Wilson, an individual; nor are any unlawful and malicious practices alleged in the bill in the present suit. The present case is not in my opinion controlled by the decision in First National Bank of Canton, Pa., v. Williams, and the motion of F. G. Awalt, Acting Comptroller of the Currency, should be sustained.

There remains for disposition the motion of Paul J. Hoskinson, receiver, to dismiss the bill.

█ In this bill, the plaintiff asks that the receiver and Comptroller be enjoined from collecting money on account of assessment upon shareholders. The receiver was appointed by the Comptroller after he became satisfied that the bank was insolvent under the provisions of the Act of June 30, 1876, c. 156, § 1, 19 Stat. 63, 12 USCA § 191. That which a receiver so appointed shall do is provided for in R. S. § 5234, May 15, 1916, c. 121, 39 Stat. 121, 12 USCA § 192: "Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct; and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders. Such receiver shall pay over all money so made to the Treasurer of the United States, subject to the order of the comptroller, and also make report to the comptroller of all his acts and proceedings." The Comptroller became satisfied that it was necessary to enforce the individual liabilities of the stockholders, and made an assessment upon the shareholders of

the bank for $100,000. "The receiver is the instrument of the comptroller. He is appointed by the comptroller, and the power of appointment carries with it the power of removal. It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him." Mr. Justice Swayne in Kennedy v. Gibson, 75 U. S. (8 Wall.) 498, 505, 19 L. Ed. 476. The Comptroller's assessment against shareholders and the amount thereof are not open to review. Neither the bank nor the shareholders, in the absence of fraud charged and proved, are entitled to a judicial determination of any question involved in the decision of the Comptroller either as to the solvency, the sum due creditors, or the amount of the assessment; all of such matters being exclusively within the judgment and discretion of the Comptroller. Kennedy v. Gibson, 8 Wall. (75 U. S.) 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; Schrader v. Bank, 133 U. S. 67, 10 S. Ct. 238, 33 L. Ed. 564; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Hightower v. Bank, 263 U. S. 351, 44 S. Ct. 123, 68 L. Ed. 334; Deweese v. Smith (8th C. C. A.) 106 F. 438, 66 L. R. A. 971; Liberty National Bank v. McIntosh (C. C. A.) 16 F.(2d) 906. I am, therefore, of opinion that this court is without jurisdiction to enjoin the receiver from collecting the assessment upon shareholders.

█ The plaintiff asks also for an accounting by the receiver. Mr. Justice Brandeis, in speaking for the Supreme Court in the case of United States v. Weitzel, 246 U. S. 533, 38 S. Ct. 381, 382, 62 L. Ed. 872, in discussing the status of a receiver of a national bank, used the following language: "The receiver, unlike a president, director, cashier, or teller, is an officer, not of the corporation, but of the United States. In re Chetwood, 165 U. S. 443, 458, 17 S. Ct. 385, 41 L. Ed. 782. As such he gives to the United States a bond for the faithful discharge of his duties; pays to the Treasurer of the United States moneys collected; and makes to the Comptroller reports of his acts and proceedings. Revised Statutes, § 5234 [Comp.

St. § 9821 (12 USCA § 192)]. Being an officer of the United States he is represented in court by the United States attorney for the district, subject to the supervision of the Solicitor of the Treasury. Section 380 (Comp. St. 1916, § 556 [5 USCA § 330]); Gibson v. Peters, 150 U. S. 342, 14 S. Ct. 134, 37 L. Ed. 1104. And because he is such officer, a receiver has been permitted to sue in the federal court regardless of citizenship or of the amount in controversy. Price v. Abbott (C. C.) 17 F. 506. In a sense he acts on behalf of the bank. The appointment of a receiver does not dissolve the corporation. Chemical National Bank v. Hartford Deposit Co., 161 U. S. 1, 7, 16 S. Ct. 439, 40 L. Ed. 595; the assets remain its property, Rosenblatt v. Johnston, 104 U. S. 462, 26 L. Ed. 832; the receiver deals with the assets and protects them for whom it may concern, including the stockholders; and his own compensation and expenses are a charge upon them. Section 5238 (Comp. St. 1916, § 9825 [12 USCA § 196]). But a receiver is appointed only when the condition of the bank or its practices makes intervention by the government necessary for the protection of noteholders or other creditors. While the receivership continues the corporation is precluded from dealing by its officers or agents in any way with its assets. And when all creditors are satisfied or amply protected the receiver may be discharged by returning the bank to the control of its stockholders or by the appointment of a liquidating agent under Act of June 30, 1876, c. 156, 19 Stat. 63 [12 USCA § 191]."

I have been able to find no case in the books where a receiver of a national bank has by court action been called to account to the stockholders of such bank. In Altman v. McClintock (D. C.) 20 F.(2d) 226, 231, the plaintiff, a creditor, asked for an accounting and permission to examine the books of the insolvent bank in the hands of the receiver. The court, in its opinion dismissing the bill, said: "After a more mature consideration I am of the opinion it must be held as a matter of law, that the receiver of a national bank is an officer of the United States, acting under the express direction of the Comptroller of the Currency, who is charged with the general administration of the National Banking Act specifically committed to him by Congress, including the liquidation of a defunct bank, and although he may be in a sense a trustee for the creditors of a defunct bank he is not subject to the general equity rule, conceding it to be the rule at least for the purposes of the discussion, that a trustee is always and at all times amenable to an accounting to his cestui que trust. If this be true, it would make little difference whether the general regulations of the Comptroller prohibited such accounting or not, although in the case at bar it would appear that the interpretation of the regulations applying to receivers could have no other effect, and in this respect I only need to add, on the strength of Norris v. United States, 257 U. S. 77, 42 S. Ct. 9, 66 L. Ed. 136, that a regulation of the kind and nature here, which is general and does not appear to have been objected to by the Secretary of the Treasury, under whose department the Comptroller is an official, would be deemed to be within the authority of the Comptroller."

■ The receiver is not the officer of the Court, but is the agent of the United States. The rights of shareholders of a national bank are merged in the receivership, and they must yield to sound discretion and judgment of the receiver. As agent of the government, the receiver is invested by law with administrative authority and power, and his discretion ought not to be lightly ignored or rejected by the court, unless it is clear that fraud or wrong is likely to eventuate which is not apparent here. Hulse v. Argetsinger (D. C.) 12 F.(2d) 933.

It has been urged by counsel for the plaintiff that exempting the receiver from accounting in this case places undue and unlimited power in him, and that he will thereby in effect be above the law, but Congress has seen fit in matters of this kind to delegate the necessary powers and duties to the Comptroller and not to the courts. In my opinion, this court is without power to order an accounting in this case, and the request by the plaintiff in that regard must be refused.

■ The remaining branch of the case relates to that part of the bill which requests a decree directing the Acting Comptroller and the receiver to assist the officers and stockholders of the bank in establishing its solvency and credit and banking functions in its established place of business. A receiver is appointed only when the condition of the bank or its practices make it necessary that the government intervene for the protection of creditors. The officers or agents of the bank are precluded from dealing in any way with the bank's assets while the receivership continues, and, when all creditors are satisfied or protected, the receiver may be discharged by returning the bank to the control of its stockholders, under Act of June 30, 1876, c. 156, 19 Stat. 63 (12 USCA § 191). United States v. Weitzel, supra. In

Hulse v. Argetsinger, supra, it was held: "Rev. St. § 5234 (Comp. St. § 9821 [12 US CA § 192]), authorizing Comptroller of Currency to appoint receiver for national bank when satisfied of its insolvency, gives comptroller entire control of insolvent bank, with purpose of speedily winding up its affairs, regardless of wishes of stockholders."

Under decisions to which I have referred, the stockholders are precluded from dealing in any way with the assets of the bank while the receivership continues. That being so, the making of such an order as that requested by the plaintiff is, in my opinion, not within the court's powers.

There is no allegation of fraud in the bill, but much has been said about forced and hasty liquidation by the receiver, resulting in dissipation of assets. The shareholders are not without protection. No harassing suits or demands by depositors or other creditors may be brought against them, and settlement and compounding of bad or doubtful debts and claims or liabilities are directly within the discharge of the duties of receivers upon the order of court.

The rule to show cause granted January 23, 1933, is discharged, the motion to set aside the service and dismiss the suit as to F. G. Awalt, Acting Comptroller of the Currency, is sustained, the motion to dismiss as to Paul J. Hoskinson, receiver of the Liberty National Bank of Dickson City, is sustained, and the bill is dismissed.