## COFFEY v. MYERS.

### No. 2234.

District Court, E. D. Tennessee.

March 1, 1940.

S. B. Strang, of Chattanooga, Tenn., for plaintiff.

Thomas S. Myers, of Chattanooga, Tenn., for defendants.

TAYLOR, District Judge.

This is a suit by the receiver of a national bank to enforce stockholder's liability created by Title 12, § 63, U.S.C.A. The defendant stockholder concedes liability under the provisions of the Act to the extent of the par value of her stock for valid outstanding debts of the corporation, but contends that the debts so-called creating the apparent necessity for the appointment of a receiver and for the making of the assessment were created by the directors of the Bank, who, in the creation thereof, acted

without notice to the stockholders, beyond the scope of their authority and illegally, and that said directors, in violation of the laws relating to national banking associations, parted with assets of the Bank, and by said unauthorized and illegal acts created the technical insolvency of said Bank, all without notice to the shareholders, and in such circumstances as to amount to an active fraud, and that the Comptroller, through a representative, was familiar with the facts, assented to and ratified them, and thereby became a party to the transactions and active fraud which lead to the appointment of a receiver and the resultant apparent necessity for making the assessment. As a further defense the defendant shareholder pleads estoppel upon the ground that the receiver himself in another proceeding in which the directors of the Bank were parties defendant asserted the same or substantially the same situation and course of conduct on their part as creating liability against them and in favor of the creditors of the Bank. The pleading filed in said case and here relied upon, which is sworn to, is filed in evidence, and the receiver was called as a witness and testified that the allegations of the petition in said case were supported by the records of the Bank and were true to the best of his knowledge and belief. The defendant further contends by special plea that the whole transaction leading up to the suspension of the Bank as an active banking institution was conceived in fraud, and that in effecting the result the Bank, through its directors and without notice to its stockholders, employed a dummy corporation, the organization of which was approved by the Comptroller with full knowledge of the facts; that to said dummy corporation the Bank transferred valuable assets belonging to it for an inadequate or no consideration.

All of the technical prerequisites to the maintenance of the instant suit are admitted or were proved. The pleadings seek a judicial determination of the questions affecting the actual insolvency of the bank, and particularly the legal questions entering into the creation of a new bank, to which assets of value belonging to the bad bank, of which plaintiff is receiver, were transferred, and kindred legal questions at the root of a determination by the Comptroller of the insolvency of the old bank and the necessity for the appointment of a receiver and subsequent determination of stockholders' liability created by statute for the benefit of creditors.

The receiver by various apt pleadings and motions asserts the conclusiveness of the Comptroller's acts and their invulnerability to collateral attack, whether or not claimed to be fraudulent.

This opinion does not deal with the merits of the contentions of the defendant stockholder, though it appeared necessary to state them in order to present clearly the legal question involved.

To boil the contentions down to a simple concentration they are, on behalf of the receiver, that the Comptroller's acts in declaring insolvency, appointing a receiver and finding the necessity for making a stock assessment are conclusive and final against collateral attack. And for the stockholder it is contended that where fraud is specially pleaded in defense, and when it is charged that the insolvency adjudged by the Comptroller to exist was brought about by the practicing of a fraud upon the creditors, including the stockholders, by the directors of the Bank with knowledge on the part of the Comptroller and without notice to the stockholders that the statutory liability does not in fact exist, and that the defendant may have a judicial determination of the facts, including those relied upon as judicially estopping the receiver.

To dispose of the defense of estoppel, I think it only necessary to say that the matters relied upon as creating it are not, if shown to be true, matters material in the trial of the narrow issues involved here. The idea of this defense is that the receiver has heretofore averred in a sworn pleading that the directors of the Bank did illegal acts, and acts beyond the scope of their authority, to the prejudice of creditors, including stockholders, and that he cannot therefore now be heard to say that the stockholders are liable for an assessment made necessary by such illegal and ultra vires acts.

In the case of Crawford v. Gamble, 6 Cir., 57 F.2d 15, 17, a suit by a receiver of a national bank, the stockholder interposed the defense that the liability sought there to be enforced arose out of a similar situation to that here complained of. The court rejected that defense for a number of reasons, and in the course of the opinion stated, among other things, that "the fundamental reason is that, when appellant subscribed for his stock, the law wrote into the contract that the Comptroller should decide upon the necessity for and the amount of assessments, and that when they were so

determined he would respond in payment as the law provides * * * and he should not be permitted to nullify his obligation upon collateral considerations". Bailey v. Tillinghast, 6 Cir., 99 F. 801, 808; Deweese v. Smith, 8 Cir., 106 F. 438, 442, 66 L.R.A. 971; Bailey v. Sawyer, C.C., 2 Fed.Cas. page 382, No. 744.

In the instant case it appears that the Bank, of which plaintiff is receiver, was organized under the National Banking Act; that it had been declared insolvent by the Comptroller; that plaintiff was its receiver; that the defendant was a stockholder, and that the assessment was made. As stated in the case of Crawford v. Gamble, supra, when these facts appear the stockholder "could not make an issue of whether the Old Bank was insolvent, because that question has been settled finally by the Comptroller. U.S.C., Tit 12, § 191 (12 U.S.C.A. § 191). The amount of the assessment and the necessity therefor had also been conclusively determined by the Comptroller (Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; National Bank v. Case, 99 U.S. 628, 634, 25 L.Ed. 448; Casey v. Galli, 94 U.S. 673, 677, 24 L.Ed. 168; Young v. Wempe, C.C., 46 F. 354; Strong v. Southworth, 23 Fed.Cas. [page] 254, No. 13,545; Man v. Cheeseman, D.C., 16 Fed.Cas. [page] 568, No. 9,002a; Bailey v. Sawyer, C.C., 2 Fed.Cas. [page] 382, No. 744), and therefore the matter of accounting was far afield. An examination of the above-cited cases leaves it clear that appellant was not entitled to a judicial ascertainment of whether the $100,000 note was a valid obligation to satisfy which an assessment might be made, for this would be the equivalent of a purely collateral attack upon the assessment already made by the Comptroller. See Bushnell v. Leland, 164 U.S. 684, 17 S.Ct. 209, 41 L.Ed. 598; Chase v. Hall [9 Cir.], 30 F. 2d 195, 196; Collins v. Caldwell [5 Cir.], 29 F.2d 329, 330".

In the case above quoted from, there was no averment of fraudulent conduct upon the part of the Comptroller, but in my opinion, since the cases cited conclusively show the action of the Comptroller conclusive and final, the defensive allegation of fraudulent conduct upon his part would not remove the case in principle from those cases denouncing a collateral attack upon the Comptroller's action, the Comptroller not being a party to the proceeding.

All of the questions presented by the defendant could have been raised in proper proceedings in the course of administration of the insolvent Bank, but such defensive matter presents no issue for judicial consideration when the action is between the receiver and a stockholder, once it is determined that the Comptroller has declared the institution insolvent, appointed a receiver, ascertained the necessity for and made an assessment.

In a later case, that of Barbour v. Thomas et al., 6 Cir., 86 F.2d 510, where the action was to enjoin a receiver of a national bank from enforcing stock assessments where the Comptroller had declared the bank insolvent and had found necessity for the assessments, it was held that the averments of the petition questioning the Comptroller's right, in view of the circumstances, to make the declaration of insolvency, appoint the receiver and make the assessments constituted a collateral attack, and should be stricken, since the Comptroller's action was conclusive. See cases there cited.

Upon reason and authority, the recovery sought must be granted.