## DUNN v. ANDERSON *et al.*

No. 5703.   Opinion Filed September 21, 1915.

(151 Pac. 1045.)

1.   **APPEAL AND ERROR—Findings of Fact—Conclusiveness.** Where an action at law is tried by the court without a jury, and special findings are made upon any controverted question of fact, such findings are conclusive upon this court.

2.   **PLEADING—Judgment on the Pleadings—Action on Oral Contract.** Where in an action upon an oral agreement to pay rent the defendant answered by general denial, a motion for judgment on the pleadings is properly denied.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Murray County;*
*Harry W. Fielding, Judge.*

Action by T. H. Dunn against J. L. Anderson, H. I. Henderson intervening. Judgment for defendant and intervener, and plaintiff brings error. Affirmed.

*G. M. Nicholson* and *L. S. Dolman,* for plaintiff in error.

*R. A. Hefner* and *E. W. Fagan,* for defendants in error.

Opinion by RITTENHOUSE, C.   It is the contention of the plaintiff that the defendant, J. L. Anderson, entered into an agreement to pasture a large number of cattle upon certain land owned by plaintiff at an agreed price of $2.50 per head for the season of 1911. One-fourth of the rental was to be paid in cash, and the balance to be paid before the cattle were removed from the pasture, and there was due on said agreement $1,000.

H. I. Henderson intervened in said action, alleging that in the early part of the year 1911 he entered into an oral agreement with the defendant, J. L. Anderson, to pasture and care for the cattle in question, which were delivered to him for the purpose of grazing, herding, and caring for the same until the fall of that year, at an agreed price of $2.50 per head, a portion of which is alleged to have been paid; and intervener asks that judgment be rendered in his favor for a balance due of $995. It is also alleged by the intervener that he had arranged with the plaintiff to use the lands owned by the plaintiff in order to carry out his contract with the defendant, and paid the plaintiff $562.50 as a part payment of the purchase price of a portion of the lands contained in plaintiff's pasture.

The defendant answered the petition of intervention by admitting a contract with H. I. Henderson, intervener, whereby he was to pay $2.50 per head for the services of intervener for keeping, watering, herding, and caring for said cattle at the expense of the intervener for a period of 5½ months; that the contract was breached within two months from the time it was executed; that defendant had paid $1,150, which was one-half of the contract price, and was to pay the balance when the cattle were delivered to him at the end of the season.

The defendant answered the petition of plaintiff by a general denial. The evidence shows that J. L. Anderson was the owner of 901 head of cattle, that he was desirous of pasturing the same in Jefferson county, and that he entered into a contract to pay $2.50 per head for such purpose, and that the cattle were delivered to the pasture for that purpose, and after they had been in the pasture two months, owing to the dry season, it was necessary to

remove them. There was also evidence that he had paid one-half of the contract price for pasturing said cattle to H. I. Henderson, the intervener, and that Henderson had indorsed and delivered one of the checks for $562.50 to T. H. Dunn. The plaintiff testified that said sum was paid to him as a part of the contract price for pasturing the cattle, while the defendant claims that the same was paid on the purchase price of a portion of the land inclosed in the pasture. The defendant did not controvert the fact that he had entered into a contract relative to the pasture of these cattle. This fact was admitted, but the question in issue, and that which was the pivotal point in the case, was whether the contract was made with the plaintiff or with the intervener. The trial was had before the court without a jury, and the court found:

"First. That the defendant, J. L. Anderson, had no contract with the plaintiff, T. H. Dunn, to pasture the cattle belonging to the defendant, as alleged in plaintiff's petition.

"Second. That the contract for pasturage and care of the cattle belonging to defendant, set out in plaintiff's petition, was in fact made by the defendant, J. L. Anderson, with the interpleader, H. I. Henderson, acting in his own behalf.

"Third. That by the terms of said contract interpleader was to pasture and care for defendant's cattle, approximately 900 head, from about the middle of June, 1911, to the 1st day of December, 1911, at an agreed consideration of $2.50 per head.

"Fourth. That the plaintiff, T. H. Dunn, was the owner of a portion of the lands, and was in possession of and had control of considerable other lands wherein said cattle were pastured during said period above set out.

"Fifth. That at the time said defendant entered into said contract with the interpleader as aforesaid the plain-

tiff and interpleader were negotiating for the sale of all of plaintiff's interest in said land where said cattle were to be pastured to the interpleader.

"Sixth. That the defendant at the time he entered into the contract with the interpleader as aforesaid had knowledge of the negotiations between plaintiff and interpleader with reference to said sale, and, relying upon the belief on his part that said plaintiff was about to transfer said lands to said interpleader, entered into said contract with said interpleader to pasture and care for said cattle as aforesaid upon said lands.

"Seventh. That the plaintiff, T. H. Dunn, by his acts encouraged and supported the belief on the part of the defendant that he (Dunn) had entered into an agreement whereby he had or would transfer all his interest in said lands to the interpleader.

"Eighth. That said sum of $1,125 was paid as follows: $562.50 by check payable to H. I. Henderson, and $562.50 by check to H. I. Henderson in person, delivered to T. H. Dunn, plaintiff, in person, by the defendant and, later indorsed by said H. I. Henderson to said T. H. Dunn. * * *

"Tenth. That said last-named check was accepted by plaintiff as payment by H. I. Henderson on the land sale then in progress between plaintiff and interpleader, and not as a note debt from defendant, Anderson, to plaintiff on account of pasturage for defendant's cattle.

"Eleventh. That said contract with H. I. Henderson for pasturage and care of defendant's cattle was terminated at the request of the intervener, H. I. Henderson, and said cattle were removed from said lands by direction and at the request of intervener on account of failure of grass and intervener's inability to further pasture and care for said cattle.

"Twelfth. That the termination of said contract between defendant and intervener was not the fault of the defendant.

"Thirteenth. That defendant paid to intervener as aforesaid the sum of $1,125, which was all the pasturage and service in and about said cattle were reasonably worth for the time they were in the care and custody of the intervener.

"Fourteenth. That the intervener violated his contract with defendant in other respects, to wit, in failing to properly care for said cattle while in his custody, and that by reason thereof said cattle were attached to satisfy a laborer's lien against said cattle, and defendant was compelled to pay and did pay the sum of $226 to release said lien and protect his right in said cattle.

"CONCLUSIONS OF LAW.

"The court therefore finds that all the material allegations are true as alleged in the answer of the defendant, J. L. Anderson, to the petition of the plaintiff, and to the petition of the intervener heretofore filed herein."

And upon these findings judgment was rendered for the defendant as against the intervener for the sum of $226.

There was evidence offered by the defendant reasonably tending to support the findings and judgment of the court, and this court has repeatedly held that, where an action at law is tried by the court without a jury and special findings are made upon any controverted question of fact, such findings are conclusive upon this court. *McCann v. McCann*, 24 Okla. 264, 103 Pac. 694.

The remaining question assigned as error is that the court erred in overruling plaintiff's motion for judgment on the pleadings. The petition declared upon an oral contract. The defendant answered by general denial. This put in issue the question as to whether or not there was a contract between the plaintiff and defendant, as alleged in the petition, and the court properly overruled the motion for a judgment on the pleadings.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.