## MILLER v. STOCK et al.

### No. 5119.

Circuit Court of Appeals, Third Circuit.

May 24, 1933.

William H. Speer and William E. Decker, both of Jersey City, N. J., for appellant.

Hugh S. Williamson, of New York City, and Edward A. Smarak, of Union City, N. J. (Breed, Abbott & Morgan, of New York City, of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the receiver of a national bank brought suit against a shareholder and recovered judgment for an assessment made by the Comptroller of the Currency. The shareholder has appealed.

We are admonished by the Supreme Court that it is the duty of federal courts to act promptly in aiding the Comptroller in en-

forcing the liability of shareholders, that court saying in Kennedy v. Gibson et al., 8 Wall. 498, 505, 19 L. Ed. 476: "A speedy adjustment is necessary to the efficiency and utility of the law; the interests of the creditors require it, and it was the obvious policy and purpose of Congress to give it." And in Korbly v. Springfield Inst. for Savings, 245 U. S. 333, 38 S. Ct. 88, 90, 62 L. Ed. 326, this language is virtually repeated, the statutory provisions being referred to, as intended "to promote its plain purpose of expeditiously and justly winding up the affairs and paying the debts of such unfortunate institutions."

In pursuance thereof, we act with promptness in disposing of this case and no longer delaying the enforcement of the Comptroller's assessment made September 28, 1931.

That the making of the assessment is intrusted to the Comptroller, and that his action cannot be attacked collaterally, has been uniformly held by federal courts, following Kennedy v. Gibson et al., 8 Wall. 498, 505, 19 L. Ed. 476, where it is said: "It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him." In Deweese v. Smith (C. C. A.) 106 F. 438, 445, 66 L. R. A. 971, affirmed in 187 U. S. 637, 23 S. Ct. 845, 47 L. Ed. 344, it is said: "But this question is not open to litigation in this case. Under the acts of congress and the decisions of the courts to which reference has been made the comptroller of the currency constitutes a quasi judicial tribunal, to whose exclusive determination congress has intrusted the decision in the first instance of the questions, what proportion of the full liability of the shareholder of an insolvent bank it is necessary to collect to pay its debts, and when this amount shall be paid. His decisions of questions within his jurisdiction are, like the decisions of the land department and of other quasi judicial tribunals, impervious to collateral attack, and open to avoidance by the court only in a direct attack upon them on the grounds of clear error of law, fraud, or mistake."

In view of these decisions it is clear the alleged defenses of an assertion that the assets of the bank were sufficient to pay its debts, that the bank was solvent, the contention that the comptroller had no sufficient evidence to warrant the appointment of a receiver or to justify the making of an assessment, do not constitute a valid defense in a suit to enforce shareholders' liability to assessment. The only other defense is that the notice of hearing given by the receiver was to have the court strike down the defense as "frivolous," and that no notice was given to strike it down as a "sham." In that regard it is contended that, in view of the state practice, the court below was powerless to adjudge the defense was a "sham" defense in view of lack of notice. It will, of course, be apparent that, if the state rules of pleading prevent a federal court from adjudging as a defense what the federal courts have, as cited above, adjudged was no defense, then and in that event the state practice would not be followed. But there is no occasion for this court to so hold, for the state courts have said in Gee v. Independent Bonding & Cas. Ins. Co., 109 N. J. Law, 563, 162 A. 644, 645: "In the forefront of the counsel's reasoning for reversal seems to be the idea that, if an answer is attacked on the ground that it is frivolous and it turns out to be a sham answer, the trial court erred in striking out the answer on the ground that it was sham, because it had been attacked, not as sham, but as frivolous. We cannot agree with this captious theory, for, when such a pleading is attacked, all of its frailties are under judicial scrutiny, and, if it is lacking in the essentials and offers no defense, it is properly stricken out. Coxe v. Higbee, 11 N. J. Law, 395."

We are, therefore, of opinion the court below was right in striking out defendant's answer and entering judgment for the receiver. Its judgment we now affirm.