## THOMAS v. HUBBARD.
### No. 7462.

District Court, W. D. Pennsylvania.

July 19, 1933.

William A. Wilson, of Pittttsburgh, Pa., for plaintiff.

J. M. Stoner & Sons, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a suit by the receiver of a national bank to recover an assessment against a stockholder made by the Comptroller of the Currency under authority vested in him by sections 5151 and 5234 of the Revised Statutes of the United States (12 USCA §§ 63, 192), section 1, c. 156, Act of June 30, 1876 (12 USCA § 191), and section 23, c. 6, Act approved December 23, 1913, known as Federal Reserve Act (12 USCA § 64).

The question raised at the argument is whether the affidavit of defense in the facts set up in paragraphs 6 to 16, inclusive, under the heading of "New Matter," makes out a good and valid defense to the action.

Briefly stated, the averments in these paragraphs are that on October 1, 1931, the Third National Bank of Pittsburgh, by authority of its directors, and without any action of its stockholders, sold all the assets of the bank to the Mellon National Bank, which, in consideration thereof, assumed all of the liabilities of the Third National Bank. This was in pursuance of a written agreement between the two banks, dated October 1, 1931, a copy of which is attached to the affidavit of defense as Exhibit A. This agreement discloses that the Third National Bank sold and conveyed to the Mellon National Bank all its properties, assets, business, and effects as of the close of business on September 30, 1931, excepting any stockholders' statutory liability, or any money paid or accrued in account thereof; that the Mellon National Bank

agreed to assume, pay, and discharge the indebtedness and financial obligations or liabilities of the Third National Bank, as shown by its books and financial records as of the close of business on September 30, 1931, other than any liability to its stockholders, and excepting a note for $500,000 given by the Third National Bank to the Mellon National Bank contemporaneously with the execution and delivery of the agreement of October 1, 1931.

The agreement further provided that the Mellon National Bank was to liquidate and convert into cash the assets so transferred to it and to apply the proceeds thereof (1) to pay its expenses in liquidating and administering these assets; (2) to reimburse itself for the amount paid out on liabilities assumed, with interest at 5 per cent. per annum; and (3) to return the balance of said assets, if any, remaining after making the payments specified.

On October 1, 1931, the Third National Bank gave to the Mellon National Bank its judgment promissory note in the sum of $500,000 due October 10, 1931, as provided for by the terms of said agreement, and as collateral thereto.

It is further averred in the affidavit of defense that, at the time this agreement was made, the Third National Bank was solvent; that at the time the Comptroller of the Currency made the assessment there were no debts of the Third National Bank requiring such an assessment; and that the sole purpose of appointing a receiver was to collect from the stockholders the amount necessary to pay the $500,000 note given to the Mellon National Bank, which was not a legal obligation of the Third National Bank such as would support an assessment against stockholders.

It is averred that the Comptroller of the Currency did not take over the Third National Bank on September 30, 1931, as alleged in the statement of claim; but it is alleged that he did nothing with reference to the affairs of the bank until January 28, 1932, when he appointed C. O. Thomas as receiver, not for the purpose of liquidating the affairs of the bank, but to collect from the stockholders an assessment to pay the note of $500,000 of the Mellon National Bank. It is not denied that the Comptroller of the Currency, on January 10, 1933, made the assessment in the form set out in the plaintiff's statement of claim. Merely the legality of that assessment is disputed.

Under these facts, we cannot see that a valid defense is made out.

The defendant contends that because the Third National Bank closed its doors on September 30, 1931, and was then taken over by the Comptroller of the Currency, the directors of the bank were without authority to make the agreement of October 1, 1931, and, therefore, that agreement and the note given in pursuance thereof are void and of no effect. Had the agreement created a new indebtedness, that position would have been correct, but such was not the case. We have here a situation where the Third National Bank merely changed many creditors into one. That is a perfectly lawful arrangement and one within the power of the Third National Bank to make. Wyman v. Wallace, 201 U. S. 230, 26 S. Ct. 495, 50 L. Ed. 738; Hightower v. American National Bank of Macon, 263 U. S. 351, 360, 44 S. Ct. 123, 126, 68 L. Ed. 334. The reason of this is well stated in Hightower v. American National Bank of Macon, supra, where Mr. Justice Van Devanter said: "The remaining contention is that the debt sought to be enforced was created during the process of liquidation, and therefore is not one for which the shareholders are liable. The premise is faulty. The debt arose from the contract and represents moneys advanced in excess of what was realized from the assets. * * * There was power to make the contract. The purpose was not to obtain money to engage in new business, but simply to change from many creditors to one." That fits the situation in the instant case exactly. If the suit were by the Mellon National Bank as a creditor to enforce liability against the stockholders of the Third National Bank, we should be obliged to hold the agreement valid. However, the instant suit is by the receiver appointed by the Comptroller of the Currency, and is brought for the purpose of enforcing an assessment against the stockholders of the bank made by the Comptroller after a determination by him that such an assessment is necessary in order to pay the debts of the association.

In such a situation, the finding of the Comptroller is conclusive upon the stockholder both as to appointment of a receiver, Cadle v. Baker, 20 Wall. 650, 22 L. Ed. 448; and the necessity and amount of the assessment, Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; United States v. Knox, 102 U. S. 423, 26 L. Ed. 216; Wannamaker v. Edisto National Bank of Orangeburg (C. C. A.) 62 F.(2d) 696; Miller v.

Stock, 65 F.(2d) 773, 774 (C. C. A. 3d Cir. opinion by Buffington filed May 24, 1933).

The only case holding to the contrary is Moss v. Whitzel (C. C.) 108 F. 579, where the District Court permitted a stockholder seeking to defend against an assessment made by the Comptroller to file a cross-bill setting forth the alleged defects in the assessment by the Comptroller. It appears by a note at the bottom of the reported case that it was compromised and went no further after the opinion filed by Judge Phillips. This case is contrary to the rulings of the Supreme Court previously noted; and we do not regard it as authority in the instant case.

Judge Buffington, in Miller v. Stock, supra, states that decision of the Comptroller as to the necessity and amount of the assessment is "open to avoidance by the court only in a direct attack upon them on the grounds of clear error of law, fraud, or mistake."

In the affidavit of defense filed in the instant case, there are no facts stated from which fraud or mistake can be inferred.

We therefore conclude that, in the new matters set up in the affidavit of defense, no legal defense to the plaintiff's claim is presented.

An order for judgment may be submitted accordingly.