### SCHRAM v. SCHWARTZ.
### No. 20.

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1934.

Morton Lexow, of Suffern, N. Y. (Alton W. Teale, of Suffern, N. Y., of counsel), for defendant-appellant.

Edward A. Smarak, of Union City, N. J. (Hugh S. Williamson and Breed, Abbott & Morgan, all of New York City, of counsel), for plaintiff-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The receiver of the National Bank of North Hudson was appointed under the power given to the Comptroller of the Currency by the National Banking Act (U. S. Code, title 12, § 191 [12 USCA § 191]) to appoint a receiver whenever "satisfied of the insolvency of a national banking association * * * after due examination of its affairs * * *." The same act authorizes the receiver "under the direction of the comptroller" to enforce the individual liability of the stockholders if necessary to pay the debts of the association. It has long been held by the Supreme Court that the determination of the Comptroller that an assessment is necessary in order to pay the debts of a national bank which he has placed in the hands of a receiver is conclusive upon its stockholders and cannot be questioned in the litigation that may ensue. Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 681, 24 L. Ed. 168; Germania National Bank v. Case, 99 U. S. 628, 634, 635, 25 L. Ed. 448; United States ex rel. Citizens' Nat. Bank v. Knox, 102 U. S. 422, 426, 26 L. Ed. 216; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Deweese v. Smith, 187 U. S. 637, 23 S. Ct. 845, 47 L. Ed. 344, affirming without opinion 106 F. 438, 66 L. R. A. 971 (C. C. A. 8). The National Banking Act affords a complete and

adequate administrative remedy unfettered by judicial ascertainment as to the wisdom or necessity of the action of the Comptroller provided the latter proceeds in accordance with the terms of the statute.

It has likewise been held that a stockholder could not interpose a defense to an action of a receiver of a defunct national bank on the ground that the Comptroller had no sufficient evidence to warrant the appointment of a receiver or to justify the making of an assessment. The Circuit Court of Appeals for the Third Circuit so held in Miller v. Stock, 65 F.(2d) 773, where another stockholder was sued by a receiver of the National Bank of North Hudson. The defendant's counsel argues that the decision in the Third Circuit arose only upon an affirmative defense to a complaint seeking to attack the receiver's suit collaterally and says that the court did not have to deal, as we do, with an equitable counterclaim that attacks the appointment of the receiver and the imposition of the assessment directly. But in Crawford v. Gamble (C. C. A.) 57 F.(2d) 15, a stockholder who was sued by the receiver of a national bank attempted to question the solvency of the bank and the propriety of the assessment and to assert his rights by means of an equitable counterclaim. The Court of Appeals of the Sixth Circuit affirmed an order striking out the counterclaim and said, at page 17 of 57 F.(2d): "He must pay promptly when called upon, and, if it should eventuate that the assessment or any portion thereof is not needed, it will be returned. Any other attitude would destroy public confidence and lessen the security which the creditor and depositor has a right to expect."

In Deweese v. Smith (C. C. A.) 106 F. 438, at page 445, 66 L. R. A. 971, Judge Sanborn said that the decisions of the Comptroller "of questions within his jurisdiction are, like the decisions of the land department and of other quasi judicial tribunals, impervious to collateral attack, and open to avoidance by the court only in a direct attack upon them on the grounds of clear error of law,

fraud, or mistake." This language is seized upon by the defendant to support his counterclaim in the present action.

In Liberty National Bank v. McIntosh, 16 F.(2d) 906, the Court of Appeals of the Fourth Circuit denied an injunction in a suit by a national bank to have the appointment of a receiver declared void and an assessment upon stockholders enjoined. The court said [at page 909 of 16 F.(2d)]: "The decisions of the Comptroller of the Currency are not subject to collateral attack, nor is his assessment against shareholders, and the amount thereof open to review; but, on the contrary, neither the bank nor the shareholders, clearly in the absence of fraud charged and proved, are entitled to a judicial determination of any question involved in his decision either as to the solvency, the sum due creditors and the amount of assessments as ordered, such matters one and all being exclusively within the judgment and discretion of the Comptroller, and as to which he acts in a quasi judicial capacity."

The Court of Appeals of the Fourth Circuit reiterated the same views in Wannamaker v. Edisto Nat. Bank of Orangeburg, 62 F.(2d) 696, 700, where a stockholder's bill was filed to enjoin a stockholder's liability assessment, and to vacate the appointment of a receiver. The court said: "It is settled that the determination as to the solvency of a national bank, and the necessity of an assessment against its shareholders, and the amount thereof, is committed exclusively to the judgment and discretion of the Comptroller, and it is not subject to judicial review."

We think it clear from the foregoing that the answer was properly stricken out and the counterclaim dismissed.

The defendant's answer contains no allegations of fraud, and if a mistake can ever be a basis for reviewing the action of the Comptroller, we are clear that it is not such a mistake as is due to a mere error of judgment in valuing assets.

Judgment and order affirmed.