## HAYS v. WILKINSON.

### No. 1019.

Circuit Court of Appeals, Tenth Circuit.
July 28, 1934.

F. A. Bodovitz, of Tulsa, Okl. (A. F. Moss and H. R. Young, both of Tulsa, Okl., on the brief), for appellant.

Geo. B. Schwabe, of Tulsa, Okl., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

The Producers' National Bank of Tulsa, Okl., suspended business on July 14, 1930. The Comptroller of the Currency took charge of its assets on July 27th thereafter, and appointed a receiver for the purpose of liquidating them. Defendant owned thirty-five shares of capital stock in the bank. This suit was instituted in conventional manner to recover an alleged assessment of 100 per cent. against shareholders made by the Comptroller on the ensuing August 10th, pursuant to the provisions of law.

The amended answer contained a general denial, and in addition it was alleged that the bank was not insolvent at the time it suspended business; that on July 15th the Producers' National Bank and the Fourth National Bank of Tulsa entered into a written contract by the terms of which the former executed its written obligation for $4,411,725.-89, payable to the latter on demand; that, in consideration thereof, the latter assumed and obligated itself to pay the liabilities of the former, aggregating that sum, and as security therefor the former delivered to the latter all its assets; that, at the time the Comptroller so took charge of the Producers' National, the Fourth National was its sole and exclusive creditor, and that the liability to that bank could not justify nor sustain an assessment against the holders of stock because (1) the obligation was not incurred in the ordinary course of business prior to suspension; (2) the officers of the Producers' National were coerced into the execution of the contract; and (3) its execution was induced by fraud and as the result of collusion between the officers of the two banks.

Plaintiff moved for judgment on the pleadings. The motion was sustained and judgment entered for the amount of the assessment. Defendant appealed.

The effect of the general denial contained in the answer is one of pleading which must be determined by the laws of the state of Oklahoma where the case originated. Walker v. Traylor Engineering & Mfg. Co. (C. C. A.) 12 F.(2d) 382; Bosler v. United States (C. C. A.) 26 F.(2d) 4; Zumsteg v. Aetna Casualty & Surety Co. (C. C. A.) 31 F.(2d) 65. Under the law of that state, it put in issue every material allegation contained in the petition, except those subsequently admitted. Section 206, O. S. 1931; Oliver v. Gimbel, 38 Okl. 50, 132 P. 144; Dunn v. Anderson, 51 Okl. 280, 151 P. 1045; Miller v. State, 79 Okl. 266, 192 P. 1093. Such a denial is regarded as modified or restricted by admissions made in the course of pleading a special defense. Caldwell v. Baxter, 158 Okl. 76, 12 P.(2d) 509. We think the defendant, in pleading his special defense, admitted all the material allegations contained in the petition, except those concerning the appointment of a receiver and the imposition of the assessment. They were not admitted, and accordingly stood denied. Of course, they were material to plaintiff's right to recover, and for that reason the trial court erred in sustaining the motion for judgment on the pleadings. Cobb v. Wm. Kenefick Co., 23 Okl. 440, 100 P. 545; Cobble v. Farmers' Nat. Bank, 53 Okl. 814, 158 P. 364; Franklin v. Ward, 70 Okl. 282, 174 P. 244; Brown v. Parks, 80 Okl. 184, 195 P. 133.

Proceeding to the affirmative defenses interposed, stockholders of a national bank are individually liable for the contracts, debts, and engagements of the bank, each to the amount of his stock therein at its par value. That liability is in addition to the amount invested in the stock. 12 USCA § 63. They are subject to an assessment for such liability upon the bank's insolvency, and it is settled by repeated decisions that the determination of insolvency, the necessity for an assessment and the amount thereof, within the maximum authorized by the statute, are matters remitted to the judgment of the Comptroller of the Currency. The authority exercised by him respecting them is quasi judicial and not subject to collateral attack in defense to an action brought to collect the assessment. Emery & Co. v. Wilkinson (C. C. A.) 72 F.(2d) 10, decided July 16, 1934; Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Aldrich v. Campbell (C. C. A.) 97 F. 663; Rankin v. Miller (D. C.) 207 F. 602; Liberty Nat. Bank v. McIntosh (C. C. A.) 16 F.(2d) 906; Collins v. Caldwell (C. C. A.) 29 F.(2d) 329; Benson v. Sullivan (C. C. A.) 67 F.(2d) 708; Hawkins v. Swan (D. C.) 52 F.(2d) 688.

It is contended that the assessment in question was improvidently laid because, at the time the Comptroller took charge of the affairs of the Producers' National and appointed a receiver therefor, it had no creditors except the Fourth National, and that the obligation to that bank could not constitute the basis for the assessment because it arose after the Producers' National suspended business and was in process of liquidation. The effect of the transaction was that the Fourth National advanced the money with which to discharge the obligations of the Producers' National to its many creditors. The Producers' National obligated itself for the money thus advanced and pledged its assets for the repayment thereof. The relationship thus established was that of debtor and creditor—pledgor and pledgee. The effect was the same as though the Fourth National advanced the money to the Producers' National for the purpose of paying its numerous creditors, and the latter had pledged its assets for the repayment of the advancement. No new money was borrowed and no new obligation was created. The note given represented the obligation of the Producers' National to its depositors and other creditors. By the transaction the bank merely substituted one creditor for a multitude.

Emery & Co. v. Wilkinson, supra; Wyman v. Wallace, 201 U. S. 230, 26 S. Ct. 495, 50 L. Ed. 738; Hightower v. American Nat. Bank, 263 U. S. 351, 44 S. Ct. 123, 68 L. Ed. 334. Since the obligation arose in the circumstances and for the purpose stated, it constituted a valid liability, although it be said to have been incurred during liquidation. Chase v. Hall (C. C. A.) 30 F.(2d) 195; Thomas v. Hubbard (D. C.) 4 F. Supp. 520. And the board of directors were empowered in the circumstances to execute the note and enter into the contract without specific authority from the stockholders. Emery & Co. v. Wilkinson, supra; City Nat. Bank v. Fuller (C. C. A.) 52 F.(2d) 870, 79 A. L. R. 71; Wannamaker v. Edisto Nat. Bank (C. C. A.) 62 F.(2d) 696.

The allegations of coercion, collusion, and fraud in the execution of the contract fail to constitute a defense. They are a collateral attack upon the assessment. Such an attack cannot be made in a suit to recover upon the assessment. Emery & Co. v. Wilkinson, supra; Lantry v. Wallace, 182 U. S. 536, 547–550, 21 S. Ct. 878, 45 L. Ed. 1218.

For the reason indicated, the judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.