## TRUSTEES OF SOMERSET ACADEMY v. PICHER.

District Court, D. Maine, S. D.
Dec. 9, 1936.

Harvey D. Eaton, of Waterville, Me., and W. R. Pattangall, of Augusta, Me., for plaintiff.

F. Harold Dubord, of Waterville, Me., for defendant.

PETERS, District Judge.

This is a bill in equity to enjoin the defendant, as receiver of a national bank, from prosecuting suits at law against the plaintiff and others, brought to collect assessments on stock in that bank, made by an order of the Comptroller of the Currency, and to obtain an annullment of that order.

I find the following pertinent facts: The plaintiff was a stockholder of record in the Ticonic National Bank of Waterville, of which bank the defendant, Picher, was appointed receiver, and as such brought a suit at law in this court against Somerset Academy (as he did against various other parties) to collect the amount of an assessment made against the stockholders of the defunct bank by the Comptroller of the Currency under his order dated October 2, 1934, in which order it was recited in substance that upon a proper accounting by the receiver and upon a valuation of the uncollected assets it appeared to the satisfaction of the Comptroller that, in order to pay the debts of the bank, it was necessary to enforce the individual liability of the stockholders to the extent of 100 per cent.; and Arthur G. Picher, as receiver, was directed to take all necessary steps, by suit or otherwise, to enforce the individual liability of the shareholders.

A copy of the order of the Comptroller is annexed to the bill as an exhibit.

Besides the suit at law brought by the receiver against the Somerset Academy to collect the assessment, pending in this court, there are some forty similar suits brought for the same purpose against other stockholders, many of whom have intervened in this equity suit, and there are other stockholders in this and other states who may be sued.

The plaintiff advances, as a reason for enjoining the further prosecution or the bringing of other such suits, and for a judgment that the Comptroller's order "be declared null and void," the alleged facts that the action of the Comptroller was based upon insufficient and illegal evidence and that the vote and proceedings to liquidate the Ticonic Bank were invalid. The evidence introduced by the plaintiff is largely directed toward the point that there was no legal basis for the order of the Comptroller assessing the stockholders of the bank.

Evidence was also introduced on the point that the plaintiff was not liable to assessment as a stockholder because it had sold its stock and had complied with any duty resting upon it as to transfer on the books of the bank.

All such evidence was seasonably objected to and admitted to the record by the

162

court only to give the plaintiff the benefit of further consideration.

As a conclusion of law I now find that the evidence mentioned was not admissible, as it was wholly immaterial to the issue.

█ The suit against the plaintiff and the other suits against stockholders were brought under an order of the Comptroller valid upon its face. It cannot be attacked in any litigation between the receiver and a stockholder. The determination of the Comptroller as to the solvency of a national bank and as to the necessity of an assessment upon the stockholders is conclusive. "These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue." Kennedy v. Gibson, 8 Wall. 498, 505, 19 L.Ed. 476.

█ It has been held in cases too numerous to mention that the action of the Comptroller in laying assessments on stockholders of an insolvent national bank is a quasi judicial proceeding and not subject to judicial review. Hawkins v. Swan (D.C.) 52 F.(2d) 688; Hays v. Wilkinson (C.C.A.) 72 F.(2d) 201.

"It has long been held by the Supreme Court that the determination of the Comptroller that an assessment is necessary in order to pay the debts of a national bank which he has placed in the hands of a receiver is conclusive upon its stockholders and cannot be questioned in the litigation that may ensue." Schran v. Schwartz (C.C.A.) 68 F.(2d) 699, 701.

It seems hardly necessary to state that evidence to the effect that the plaintiff was not a stockholder, liable for the assessment, has no place in this action. That defense should be made in the suit to collect the assessment.

█ The plaintiff's bill contains a suggestion that the relief asked for—that is, an injunction against prosecuting the present law suits or bringing any others, and a declaration that the Comptroller's order is void—would "avoid a great multiplicity of actions and trials." That would seem to be quite true; but rather a necessary result of a decision in plaintiff's favor than a reason for it.

The multiplicity feature probably in the mind of counsel is where the actions are against a single defendant. So far as any hardship to parties or counsel growing out of several trials is concerned, that may be avoided by a consolidation of suits.

I am able to find no tenable ground for issuing the injunction asked for, and I have no authority to declare void the order of the Comptroller.

The bill must be dismissed, with costs.