## VAN DYKE v. EVANS.

No. 3694.

District Court, M. D. Pennsylvania.

Sept. 16, 1937.

 

Martin B. Gormley, of Hazleton, Pa., and Arthur H. Hull, of Harrisburg, Pa., for plaintiff.

John H. Bigelow, of Hazleton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion for a new trial.

The plaintiff, receiver of the First National Bank of Freeland, Pa., instituted this action to recover a 100 per cent. assessment under R.S. § 5151, as amended, 12 U.S.C. § 63 (12 U.S.C.A. § 63) levied by the Comptroller of the Currency against the defendant, one of the stockholders of the First National Bank of Freeland. The case was tried before the court and a jury. At the conclusion of the case the court directed a verdict in favor of the plaintiff.

The following facts are admitted by the pleadings: The First National Bank of Freeland is a banking association organized under the laws of the United States, having an authorized capital of $150,000, divided into 1,500 shares; the bank was closed by Presidential Proclamation on March 4, 1933, and on February 28, 1934, the Comptroller of the Currency appointed Joseph Van Dyke as receiver of said bank; the defendant is the registered owner and holder of 35 shares of capital stock of said bank; on August 13, 1934 the Comptroller made an order reciting that it appeared to his satisfaction that it was necessary to enforce the individual liability of the stockholders of the First National Bank of Freeland to pay the debts of said bank, as prescribed by R.S. § 5151 (12 U.S.C.A. § 63), and then made an assessment and requisition upon the stockholders of 100 per cent. of the par value of the stock and directed the receiver to enforce the liability of the stockholders; the defendant declined to pay his pro rata assessment.

The first contention of the defendant is that the Comptroller of the Currency had agreed with a committee representing the stockholders of the First National Bank of Freeland that, if a certain reorganization of the bank were carried out, no further assessment would be levied against the stockholders, and that the Comptroller in levying the 100 per cent. assessment committed a fraud on the stockholders. The defendant complains that the court erred in refusing to admit testimony showing these facts. It is well

settled that the decisions of the Comptroller of the Currency as to the determination of insolvency and the necessity and amount of an assessment are matters left to his judgment and are not subject to collateral attack in defense to an action brought to collect the assessment. His decisions are open to avoidance by the court only in a direct attack on grounds of clear error of law, fraud, or mistake. Deweese v. Smith (C.C.A.) 106 F. 438, 66 L.R.A. 971; Liberty National Bank v. McIntosh (C.C.A.) 16 F.(2d) 906; Miller v. Stock (C.C.A.) 65 F.(2d) 773, 90 A.L.R. 1061; Schram v. Schwartz (C.C.A.) 68 F.(2d) 699; Hays v. Wilkinson (C.C.A.) 72 F.(2d) 201; Davis Trust Co. v. Hardee, 66 App.D.C. 168, 85 F.(2d) 571, 107 A.L.R. 1425; Angeny v. Kauper (D.C.) 16 F. Supp. 542; Trustees of Somerset Academy v. Picher (D.C.) 17 F.Supp. 161. Consequently in this action to collect an assessment levied by the Comptroller there was no error in refusing to admit testimony intended to show that the Comptroller of the Currency committed a fraud on the stockholders by levying the assessment—a collateral attack on his decision.

The second contention is that the defendant had on April 25, 1906, paid an assessment of 88 per cent., and therefore is not liable for the full 100 per cent. assessment, and that the court erred in refusing to admit testimony showing these facts.

■ The double liability of a shareholder of a national bank under R.S. § 5151, as amended 12 U.S.C.A. § 63, "attaches and exists for the purpose of creating a fund for the exclusive purpose of paying the creditors of the bank equally and ratably. Delano v. Butler, 118 U.S. 634, 7 S.Ct. 39, 30 L.Ed. 260; Scott v. Deweese, 181 U.S. 202, 21 S.Ct. 585, 45 L. Ed. 822; Scott v. Latimer, 89 F. 843, 33 C.C.A. 1 [14]. Indispensable conditions precedent to the enforcement of such liability are: First, the adjudication of the Comptroller of the insolvency of the bank and that it is in liquidation; and, second, the adjudication and order of the assessment or requisition on the shareholders of the bank under section 9689 [12 U.S.C.A. § 64]." Page v. Jones (C.C.A.) 7 F.(2d) 541, 544.

■■ There was nothing in the offer of defendant's testimony to show that at the time of the 88 per cent. assessment in 1906 there was an adjudication of insolvency of the bank; that it was in liquidation; that there was an adjudication and order of assessment under 12 U.S.C.A. § 64; that the payment of the assessment was for the purpose of applying the money equally and ratably to the creditors of the bank; or that the money was in fact so applied. The offer, on the other hand, showed that, after the payment of the assessment in 1906, the bank was not liquidated but that it resumed business. Thus the offer failed to show that the assessment of 88 per cent. in 1906 was paid on account of the stockholders' double liability under R.S. § 5151, as amended, 12 U.S.C.A. § 63, and therefore such payment does not constitute a defense to this action to enforce the stockholders' double liability under R.S. § 5151, as amended, 12 U.S.C.A. § 63. Accordingly, there was no error in refusing to admit the testimony offered. As was said in Page v. Jones, supra: "As there was no adjudication of insolvency or of a state of liquidation of the bank, and as no assessment was adjudged or made by the Comptroller of the double liability of the defendant until after the 110 per cent. was paid in by the defendant and Mr. Ulrich was discharged as receiver, Mr. Ulrich never acquired or had any jurisdiction or authority to collect, release, waive, or injuriously affect the double liability of the defendant. The defendant and Mr. Ulrich are presumed to have had knowledge of this state of the law, and the evidence leaves no doubt that the defendant, before and when he paid his 110 per cent., although he might have thought that the payment would discharge his double liability, knew that the moneys he paid in would not be, and intended that they should not be, used to satisfy equally and ratably the creditors of the bank, and that they would be used to enable the bank to resume and continue its business. Consequently his payment could not and did not rise above a voluntary contribution by him to enhance the value of his stock and to enable the bank to resume its business, and it constituted no defense to this suit. Delano v. Butler, 118 U.S. 634, 7 S. Ct. 39, 30 L.Ed. 260; Brodrick v. Brown (C.C.) 69 F. 497; Huff et al. v. Page (C. C.A.) 2 F.(2d) 544."

And now, September 16, 1937, the reasons for a new trial are overruled, the motion for a new trial is denied, and the rule thereon is discharged, and a new trial is refused.