## SMITH v. RECONSTRUCTION FINANCE CORPORATION.

### No. 9069.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1939.

Philip Charles Gorman, of Leesburg, Fla., for appellant.

F. P. Fleming and J. S. Diver, both of Jacksonville, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In March, 1933, the Comptroller of the State of Florida appointed a Conservator to take charge of the Leesburg State Bank and Trust Company, a Florida banking corporation. The Conservator remained in charge of the bank until June 29, 1933, when a Liquidator was duly appointed and qualified.

While the Conservator was in charge, the depositors of the bank were not permitted to make withdrawals. On June 29, 1933, the Liquidator, in order to provide available funds for depositors, pledged certain of the assets in his hands to the First National Bank of Leesburg, Florida, and

obtained the sum of $240,000 which was distributed to depositors and used for the payment of lawful claims against the bank.

In November, 1933, the Liquidator made application to the Reconstruction Finance Corporation for a loan. He sought money with which to pay lawful claims against the bank and repay the $240,000 borrowed from the First National Bank of Leesburg. The loan application and agreement was accepted and the Reconstruction Finance Corporation made the loan for $260,000. The loan agreement provided that the liability for the debt constituted a first charge against all the assets of the trust; that it was further secured by a first lien upon certain specifically pledged assets; and that "no distribution, except as herein provided, shall be made by the applicant to the depositors or other general creditors of the bank until the loan herein applied for shall have been fully repaid * * *". In conformity with the Florida law this loan and pledge agreement was approved by the Comptroller of the State and duly confirmed by the Circuit Court of the Sixteenth Judicial Circuit of Florida.

The bank having defaulted in paying its obligation, the Reconstruction Finance Corporation instituted foreclosure proceedings. The court entered a decree finding an unpaid indebtedness of $143,303.66 in favor of the appellee. A Special Master, acting under authority of the decree, sold the assets specifically pledged. After the proceeds of the sale were applied to the indebtedness, there remained unpaid a deficiency of $46,213.16.

The Reconstruction Finance Corporation then filed suit seeking to subject all remaining assets of the liquidation trust to its lien. The Liquidator filed answer contesting the right of the Reconstruction Finance Corporation to have a decree whereby the assets remaining in his hands might be applied to satisfy the deficiency. The Liquidator contended that all assets in his hands were derived solely from the enforcement, assessment, and collection of stockholder's double liability, and that such assets could not be applied to satisfy the deficiency.

A hearing was had and the court below entered a decree directing the defendant to pay the Reconstruction Finance Corporation all moneys remaining in the trust. The decree further directed the defendant to liquidate all other assets of the

834

trust and promptly pay the proceeds to the Reconstruction Finance Corporation until the deficiency of $46,213.16 had been paid in full. From this order and decree the Liquidator has taken this appeal.

Section 6059 of the Compiled General Laws of Florida provides that stockholders of banks shall be additionally liable to the extent of the amount of their stock "for all contracts, debts and engagements of such company". The appellant contends that the loan made by the Reconstruction Finance Corporation was not a contract, debt or engagement recognized by this statute. He asserts that the loan agreement was not made in the usual course of the bank's business, and that since the loan was made after the bank became insolvent the appellee could have no recourse to the assessments of the stockholders.

The appellant strongly relies on the case of Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. That case held that after a bank went into liquidation the officers had no authority to transact business in the name of the bank so as to bind its shareholders. It is significant that the case excepted those debts contracted under the implied authority of liquidation. Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; Harris v. Briggs, 8 Cir., 264 F. 726.

Here we have more than implied authority. The duly authorized liquidator borrowed money to facilitate the liquidation of the Leesburg State Bank and Trust Company. His action in negotiating the loan was approved by the State Comptroller and the State Circuit Court. Aside from the question of "implied authority of liquidation", the loan was made under the authority of the Florida statute which provides that any liquidator or receiver of an insolvent bank "shall have the right to borrow money from any person, firm or corporation including the Reconstruction Finance Corporation and to pledge or mortgage any part or all of the assets of such insolvent bank * * *". Chapter 15872, Laws of Florida, Acts 1933, § 1.

When the Liquidator borrowed money to pay depositors and to facilitate liquidation, he did not increase the liabilities of the bank. The money borrowed was used to pay depositors and other lawful claims against the bank—debts incurred by the bank in the ordinary course of its business. By the contract nothing was added to the already existing liability of the stockholders provided by Section 6059 of the Com-

piled General Laws of Florida. The court below committed no error in ordering the Liquidator to pay and satisfy the deficiency judgment from the moneys and assets of the trust. Cf. Harris v. Briggs, 8 Cir., 264 F. 726; Chase v. Hall, 9 Cir., 30 F.2d 195; Hays v. Wilkinson, 10 Cir., 72 F.2d 201; Andrew v. Bevington Savings Bank, 206 Iowa 869, 221 N.W. 668; Baird v. Forbes State Bank, 64 N.D. 239, 251 N.W. 846, 91 A.L.R. 1113.

The judgment is affirmed.